ESTATE OF KOHLMEIER, ETC. *v.* FREUDENBERG

[No. 18,360. Filed March 24, 1953. Rehearing denied April 24, 1953. Transfer denied May 28, 1953.]

*Arthur H. Meyer, Milford M. Miller* and *W. C. Welborn,* all of Evansville, for appellant.

*Kays & Kays,* of Princeton and *Warren, Merrell & Combs,* and *Wilbur F. Dassell,* of Evansville, for appellee.

ROYSE, C. J.—Appellee brought this action for services rendered to appellant's decedent for a period commencing February 2, 1933, until March 24, 1949, the date of decedent's death, except for the periods from April, 1947 to May, 1948; January, February and part of March, 1943; February and part of March, 1946 and part of April and May, 1947. Trial to jury resulted in verdict in favor of appellee for $5325. Judgment accordingly.

The sole question presented by this appeal is: Was there any substantial evidence of probative value as to the value of the services rendered by appellee?

Appellant does not here contend there was not sufficient evidence to justify the jury in finding that the appellee kept the decedent in her home, provided and prepared his meals, did his laundry work, took him on drives, nursed and cared for him day and night. That he was an aged man, in failing health during the time he was in appellee's home. But appellant asserts there was a total lack of evidence of the value of such services at the time and place they were rendered. For the rea-

sons hereinafter stated we are of the opinion the authorities cited by appellant do not sustain his contention.

Appellee introduced a witness who had fifteen years' experience as a practical nurse and was at the time of the trial secretary of the Indiana State Practical Nurses' Association. She testified of the duties of a practical nurse. She was then propounded the following questions: "In 1938 were you familiar with the standard of pay for a practical nurse?" To which she replied, "Yes." "What was it at that time?" Answer. "It was four dollars for an eight hour shift." "Are you familiar with it for the years following that?" Answer. "It increased with the years, especially during the war years, and it has stayed from the beginning of 1942 until the present time it has been eight dollars for eight hours."

This witness lived in Evansville. Appellee's home was in Gibson County at a point about twenty miles from Evansville. It is to be noted appellant did not object to these questions for the reason that they did not ask for the value of the services in the vicinity of appellee's home. Nor did he, on cross-examination, show that she did not know the value of such services in the vicinity of appellee's home or that such value did not apply there. If such objection had been made or such information brought out on cross-examination, a different question might be presented to us.

Appellee's witness was testifying as an expert on the value of services of a practical nurse. It seems to us that from the evidence set forth above the jury might reasonably have inferred that this was ordinary or standard pay for such services where rendered. There is ample evidence in the record to show appellee, for a long period of time, in addition to other services, was qualified to and did render the services usually performed by a practical nurse.

Furthermore, there was evidence admitted without objection from a niece that she lived near the home of appellee and that decedent visited her for about eight weeks at different intervals during this fifteen-year period and he paid her a dollar a day for board while he was with her. This witness said she never rendered any special care or service to decedent.

We are of the opinion the evidence set out was sufficient to submit the case to the jury on the question of the value of appellee's services.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 76.